

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2008

# Old Bridge Twp Bd Ed v. Gen Star Indemnity

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1261

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Old Bridge Twp Bd Ed v. Gen Star Indemnity" (2008). *2008 Decisions.* Paper 1146.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1146

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1261
_____

OLD BRIDGE TOWNSHIP BOARD OF EDUCATION,

Appellant

v.

GENERAL STAR INDEMNITY COMPANY

v.

GENERAL STAR INDEMNITY COMPANY,

Third Party Plaintiff

v.

INSURANCE CORPORATION OF HANNOVER,

Third Party Defendant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 05-cv-05681)
District Judge:   Hon. Garrett E. Brown, Jr.

_____

Submitted under Third Circuit LAR 34.1(a)
on March 7, 2008

(Opinion filed: May 28, 2008)

---

O P I N I O N

---

**ROTH, <u>Circuit Judge</u>:**

Old Bridge Township Board of Education (the Board) appeals an order of the U.S.District Court for the District of New Jersey, denying the Board's motion for summary judgment and granting summary judgment in favor of General Star Indemnity Company. The issue on appeal is whether General Star is obligated to indemnify the Board for attorneys' fees awarded in a lawsuit filed against the Board. For the reasons set forth below, we will affirm the order of the District Court.

I. **Background and Procedural History**

Because the facts are well known to the parties, we will discuss them only briefly here.

From July 1, 2002, until July 1, 2003, the Board held a School Board Legal Liability Policy issued by General Star. Pursuant to that policy, General Star provided the Board with insurance coverage for certain legal claims. The policy provided, "The Company [General Star] will pay on behalf of the INSURED all sums which the INSURED shall become legally obligated to pay as damages to which this insurance applies, as a result of CLAIMS first made against the INSURED . . . by reason of WRONGFUL ACT(S) by the

2

EDUCATIONAL ENTITY . . ..”[1]  Under the agreement, General Star had the "duty to defend any suit against the INSURED seeking damages to which this insurance applies, arising from WRONGFUL ACT(S) even if any of the allegations of the CLAIM or suit are groundless, false, or fraudulent." In addition, a provision, entitled "Supplemental Payments," obligated General Star to pay "court costs incurred in any suit to which this insurance applies and which the Company is defending hereunder."

The policy included a number of exclusions.  In particular, the policy provided that General Star "shall not make any payment nor defend any suit in connection with any CLAIMS made against the INSURED . . . [f]or any damage arising from bodily injury, sickness, emotional distress, mental anguish . . . humiliation and disparagement . . . [w]hether or not based upon, arising out of or related to any civil rights or other violation of statutory, constitutional or common law" or "[f]or back wages or salary, employment benefits, overtime, future wages or salary or similar CLAIMS . . .."  The policy also excluded "any costs, fees including attorney's fees, or expenses which the INSURED shall be legally obligated to pay as a result of any adverse judgment for injunctive or declaratory relief . . .."

In June 2002, Jeanne Cook, a substitute teacher employed by the Board, filed suit against the Board (as well as other defendants) in the Superior Court of New Jersey under the New Jersey Law Against Discrimination.  Cook alleged that the Board had engaged in

[1]The policy defined "Wrongful Acts" as "[a]ny actual or alleged errors, misstatements, misleading statements, acts or omissions, neglect or breach of duty, individually or collectively, including actual or alleged Civil Rights violations . . . ."

3

disability discrimination, failed to provide reasonable accommodation for her disabilities, created a hostile work environment, retaliated against her for engaging in protected activities, and committed intentional infliction of emotional distress. Cook alleged that she had suffered "emotional distress, humiliation, embarrassment, bodily injury coupled with physical manifestation of emotional distress, loss of income and other severe financial losses." She sought compensatory and punitive damages, as well as back pay, front pay, attorneys' fees, interest, and costs.

General Star engaged counsel and provided a defense on behalf of the Board, subject to a "Reservation of Rights" and Non-Waiver Agreement. The Reservation of Rights letter stated that General Star was reserving its rights under the policy, claiming that "[t]here is no coverage for any damages that may be awarded as excluded by exclusion (2), which involve[s] body injury and/or emotional distress or mental anguish. Additionally, there is no coverage for any damages that might be awarded as excluded by exclusion (12), [which excludes] back pay, future pay, or employee benefits."

A jury found that the Board and other defendants had failed to provide Cook with reasonable accommodation, discriminated against her based on her handicap, retaliated against her, and failed to engage in the interactive process. The jury determined that Cook was not entitled to economic damages but awarded her $250,000 for "emotional distress and suffering." The Superior Court of New Jersey awarded Cook attorneys' fees and costs.

4

The Board then filed a complaint in the Superior Court against General Star seeking indemnification for the award of attorneys' fees and costs.[2] Both the Board and General Star filed a motion for summary judgment. The action was subsequently removed to the U.S. District Court for the District of New Jersey.

The District Court granted General Star's motion and denied the Board's motion. In so doing, the District Court reasoned that, by virtue of the exclusions for claims for back wages or emotional distress, the policy agreement did not provide coverage for Cook's claims. Because the policy agreement provided that General Star would pay "court costs *in any suit to which this insurance applies*" (emphasis added), the District Court concluded that General Star did not have to pay costs in connection with Cook's suit.

The Board timely appealed.

## II. <u>Analysis</u>

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review of the District Court's order granting summary judgment. *Newport Assocs. Dev. Co. v. The Travelers Indem. Co. of Illinois*, 162 F.3d 789, 791 (3d Cir. 1998). Summary judgment will be affirmed only if "there is no genuine issue as to any

---

[2]It is undisputed that the policy does not cover the $250,000 in emotional damages awarded to Cook.

5

material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R.

CIV. P. 56(c).

We also exercise plenary review of the District Court's interpretation of state law. *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 89 F.3d 976, 983 (3d Cir. 1996). In this case, New Jersey law applies.

Under New Jersey law, an insurance policy is interpreted "according to its plain and ordinary meaning." *Voorhees v. Preferred Mut. Ins. Co.*, 607 A.2d 1255, 1260 (N.J. 1992). However, because insurance contracts are contracts of adhesion, New Jersey law requires that courts "assume a particularly vigilant role in ensuring their conformity to public policy and principles of fairness." *Gibson v. Callaghan*, 730 A.2d 1279, 1282 (N.J. 1999) (internal quotation omitted). As such, "when there is ambiguity in an insurance contract, courts [must] interpret that contract to comport with the reasonable expectations of the insured." *Zacarias v. Allstate Ins. Co.*, 775 A.2d 1262 168 N.J. 590, 594 (N.J. 2001). In addition, exclusions in an insurance policy must be narrowly construed, and the insurer bears the burden of bringing the case within a policy exclusion. *American Motorists Ins. Co. v. L-C-A Sales Co.*, 713 A.2d 1007, 1013 (N.J. 1998). Nonetheless, in the absence of any ambiguity, a court "should not write for the insured a better policy of insurance than the one purchased." *Voorhees*, 607 A.2d at 1260.

The policy at issue in this case unambiguously requires General Star to pay "all sums which [the Board] shall become legally obligated to pay as damages *to which this insurance*

*applies . . .*" as well as "court costs incurred in any suit *to which this insurance applies . . .*" (emphasis added). Thus, the Board is only entitled to payment for Cook's attorneys' fees if her suit was one "to which this insurance applies."

In her claims against the Board, Cook claimed that she had suffered "emotional distress, humiliation, embarrassment, bodily injury coupled with physical manifestation of emotional distress, loss of income and other severe financial losses." Having prevailed on certain of her claims, she was awarded only emotional damages.

The exclusions to the policy clearly state that General Star "shall not make *any* payment . . . in connection with any CLAIMS . . . [f]or any damage arising from bodily injury . . . emotional distress, mental anguish . . . humiliation and disparagement . . ." or "[f]or back wages or salary, employment benefits, overtime, future wages or salary or similar CLAIMS . . . " (emphasis added). While we are mindful that we must construe exclusions to an insurance policy narrowly, Cook's claims fall squarely within the types of claims excluded by the policy at issue in this case.[3] By its terms, the policy provides that General Star will not make *any* payment in connection with such claims. Indemnification of attorneys' fees would constitute a payment. Cook's suit is not one to which the insurance applies; it is

---

[3]The Board argues that the District Court improperly placed the burden of proving that the exclusions did not apply on the Board. However, the exclusions clearly apply to Cook's case. The plain language of the policy satisfies General Star's burden with respect to showing that the exclusions apply here.

specifically excluded from coverage.  As such, General Star is not obligated to pay for Cook's attorneys' fees under the policy.

### III.  Conclusion

For the reasons set forth above, we will affirm the judgment of the District Court.